```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――
LUTTAAAYA KABOGGOZAMUSOKE,        :
                                  :
                    Plaintiff,    :
                                  :     OPINION & ORDER
        - against -                :
                                  :     05 Civ. 4029 (KMW) (RLE)
RYE TOWN HILTON HOTEL,            :
                                  :
                    Defendant.    :
―――――――――――――――――――――――――――――
```

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

*Pro se* plaintiff, Luttaaya Kaboggozamusoke ("Kaboggozamusoke"), filed suit on April 21, 2005, against his former employer, Rye Town Hilton Hotel ("Hotel"), raising discrimination claims under Title VII, 42 U.S.C. § 2000 *et seq*. Pending before the Court is an August 16, 2005 application for appointment of counsel and a request to proceed *in forma pauperis*. For the reasons set forth below, Kaboggozamusoke's application for appointment of counsel is **DENIED**, and his request to proceed *in forma pauperis* is **GRANTED**.

## II. DISCUSSION

A.    **In Forma Pauperis**

Under 28 U.S.C. § 1915, the Court may waive fees associated with the commencement or prosecution of any suit for indigent civil litigants upon submission of an affidavit stating the litigant's assets and demonstrating the inability to pay the costs of litigation. Kaboggozamusoke's affidavit states that he has been unemployed since September 2004, that his eligibility for unemployment insurance has ended, and that he is homeless, at times living in hostels, for which he must pay, and other times living "outside in the open." This clearly

establishes his inability to pay for the prosecution of his case. Therefore, the motion to proceed *in forma pauperis* is **GRANTED**.

**B.     Appointment of Counsel**

In making the determination of whether to appoint counsel for an indigent civil litigant under 28 U.S.C. § 1915(d), the court "exercises substantial discretion, subject to the requirement that it be guided by sound legal principle." **Cooper v. A. Sargenti Co.**, 877 F.2d 170, 171-72 (2d Cir. 1989) (*citing* **Jenkins v. Chemical Bank**, 721 F.2d 876, 879 (2d Cir. 1983)). The court must first ask whether plaintiff can afford to obtain counsel. *See* **Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1341 (2d Cir. 1994). If the court finds that a plaintiff cannot afford** counsel, it must then examine the merits of the case and determine whether the indigent's position "seems likely to be of substance." **Hodge v. Police Officers**, 802 F.2d 58, 61-62 (2d Cir. 1986). Once the initial determinations have been made as to indigence and merit, the court has discretion to consider the following factors: (1) the indigent's ability to investigate the crucial facts; (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (3) the indigent's ability to present the case, (4) the complexity of the legal issues and (5) any special reason in that case why appointment of counsel would be more likely to lead to a just determination. **Id**. at 60-61.

Kaboggozamusoke satisfies the threshold requirements insofar as the same factors considered in granting him *in forma pauperis* status establish his inability to afford counsel. Similarly, his claims appear to be "of substance." **Id**. at 62. For example, he alleges that a supervisor said that he had "problems with white people," which could demonstrate the race or national origin-related animus he claims is behind his discipline and ultimate termination from

his employment with the Hotel. Amended Complaint ¶ 8. Kaboggozamusoke also alleges that the Hotel's justification for his termination - that he came to work in an "unfit condition," i.e., inebriated - is unsupported by the facts, and that the Hotel failed to include that justification in a statement supporting his initial suspension. Letter to EEOC, January 18, 2005.

In considering the additional **Hodge** factors, it appears the appointment of counsel is unnecessary. The case will likely rely primarily on an assessment of credibility and of conflicting evidence, which does implicate the need for cross-examination, which does weigh towards appointment of counsel. *See* **Hodge**, 802 F.2d at 61 (*citing* **Maclin v. Freake**, 650 F.2d 885, 887 (7th Cir. 1981)). Kaboggozamusoke's homelessness obviously presents an additional obstacle for his prosecution of the case. However, to date, he has successfully submitted and responded to discovery requests and appeared in court, demonstrating an ability to both investigate facts and present his case. Furthermore, his claims do not appear so complex that he cannot be afforded a just determination without legal representation. After careful review of the plaintiff's application in light of the aforementioned principles, the court finds that the appointment of counsel is not warranted in this case.

Kaboggozamusoke's motion to proceed in forma pauperis is **GRANTED** and motion for appointment of counsel is **DENIED** without prejudice.

**SO ORDERED this 9th day of January 2006**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

3