```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
LUTTAAYA KABOGGOZAMUSOKE,           |
                                    |
            Plaintiff,              |
                                    |    05 Civ. 4029 (KMW)(RLE)
     -against-                      |    OPINION AND ORDER
                                    |
RYE TOWN HILTON HOTEL,              |
                                    |
            Defendant.              |
-----------------------------------X
```
KIMBA M. WOOD, U.S.D.J.:

Plaintiff Luttaaya Kaboggozamusoke ("Plaintiff") brings this pro se action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 ("Title VII"), as amended, and "Title 18."[1] Under Title VII, Plaintiff alleges that his employer, Defendant Rye Town Hilton Hotel ("Defendant"), (1) wrongfully terminated Plaintiff's employment, and (2) failed to promote Plaintiff based on his race and national origin. Under Title 18, Plaintiff alleges harassment, fraud, and racketeering. Defendant now moves for summary judgment on all of Plaintiff's claims. In response, Plaintiff moves to reopen discovery.[2]

---

[1] Plaintiff does not specify the authority he refers to as "Title 18." Defendant suggests that Plaintiff refers to 18 U.S.C. § 1961. (Def.'s Mem. 1; D.E. 34.) For the reasons stated in the Report (see Report 12-13), the Court need not resolve this ambiguity.

[2] Because Plaintiff proceeds pro se, the Court construes his submissions to "raise the strongest arguments that they suggest." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006) (internal quotation marks and citation omitted). Accordingly, the Court construes Plaintiff's "Affirmation of Kaboggozamusoke in Opposition to Defendant's Motion to Dismiss the Complaint" as a motion to reopen discovery, grant a continuance, and deny Defendant's motion to dismiss without prejudice. (Pl.'s Aff. ¶¶ 5-6; D.E. 35.)

1

By Report and Recommendation dated August 12, 2008 (the "Report"), familiarity with which is assumed, Magistrate Judge Ronald L. Ellis recommended that this Court grant Defendant's motion for summary judgment in its entirety, and deny Plaintiff's motion to reopen discovery. (D.E. 37.)

The Report informed the parties that, pursuant to Federal Rule of Civil Procedure 72(b), they had ten days from service of the Report to file any objections. (See Report 14-15.) The Report also explicitly cautioned that, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure 72 and 6, failure to file timely objections would constitute a waiver of those objections. (Id. at 15.)

No objections have been filed, and the time to object has expired. See IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993). The Second Circuit "ha[s] adopted the rule that failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision," Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam) (citations omitted); "[t]he Supreme Court upheld this practice, at least when the parties receive clear notice of the consequences of their failure to object." Id. (citing Thomas v. Arn, 474 U.S. 140, 155 (1985)).

The Court has reviewed the Report and finds it to be well-reasoned and free of any "clear error on the face of the

record."[3] Fed. R. Civ. P. 72(b) advisory committee notes; see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). Accordingly, the Court (1) grants Defendant's motion for summary judgment in its entirety (D.E. 30), and (2) denies Plaintiff's motion to reopen discovery (D.E. 35). The Clerk of Court is directed to close this case. Any pending motions are moot.

SO ORDERED.

Dated: New York, New York
September 25, 2008

*Kimba M. Wood*
Kimba M. Wood
United States District Judge

---

[3] The Court addresses one aspect of the Report's analysis. In the context of a wrongful termination claim, a plaintiff must show that he was qualified for the position, to establish the second element of his prima facie case. See Terry v. Ashcroft, 336 F.3d 128, 137-38 (2d Cir. 2003) (internal quotation marks and citation omitted).
Defendant argues that Plaintiff cannot establish a prima facie case, in part, because Plaintiff cannot establish that he was qualified for his position as a line cook. (Def.'s Mem. 11-12.) Defendant argues that this second element requires satisfactory performance of Plaintiff's job duties. (Id. at 12.) To the extent that the Report relies, if only implicitly, on this satisfactory performance standard (see Report 9-11), the Court notes that would be the wrong standard. See Slattery v. Swiss Reinsurance America Corp., 248 F.3d 87, 92 (2d Cir. 2001) ("[A]ll that is required is that the plaintiff establish basic eligibility for the position at issue, and not the greater showing that he satisfies the employer."); see also Owens v. New York City Housing Auth., 934 F.2d 405, 409 (2d Cir. 1991) (a plaintiff must demonstrate only "that she possesses the basic skills necessary for performance of the job") (internal quotation marks and citations omitted).
However, even assuming arguendo that Plaintiff can establish the second element of his prima facie case under the correct standard, the Court grants summary judgment to Defendant with respect to Plaintiff's wrongful termination claim. The Court adopts the Report's analysis of (1) Plaintiff's failure to establish the fourth element of his prima facie case; (2) Defendant's articulation of legitimate, nondiscriminatory reasons for the termination; and (3) Plaintiff's failure to establish pretext. (See Report 9-12.)

3